UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


CURTIS W. MULL                          )
                                        )
v.                                      )          NO. 2:04-CV-324
                                        )
JO ANNE B. BARNHARDT,                   )
Commissioner of Social Security         )


**MEMORANDUM OPINION**


The plaintiff Curtis W. Mull has filed a motion for a judgment on the pleadings

on his complaint to obtain judicial review of the final decision of the defendant

Commissioner of Social Security Jo Anne B. Barnhardt to deny his application for

supplemental security income and disability insurance benefits under the Social

Security Act.  The defendant has filed a motion for summary judgment.

Mr. Mull was born in 1964 and was 59 years old at the time of his last

administrative hearing.  [Tr. 469].   He obtained his GED and has relevant past work

experience as a lumber receiving clerk, maintenance worker, cashier, and production

machine operator .   [Tr. 469, 501-02].   Mr. Mull alleges he is disabled as of July 2,

2000, from a bipolar disorder, anxiety, panic attacks, and an inability to concentrate.

[Tr. 155]. Based upon a lack of objective medical evidence that Mr. Mull had a severe mental or physical impairment, the Administrative Law Judge [ALJ] found that he was not disabled as defined by the Social Security Act. [Tr. 29].

Mr. Mull's first administrative hearing was on May 8, 2002. [Tr. 428-40]. His second administrative hearing was on May 14, 2002. [Tr. 441-64]. His last administrative hearing was held on February 18, 2003, following a remand by the Appeals Council. [Tr. 61]. The testimony of Mr. Mull, medical expert Dr. Thomas Schacht, and vocational expert Cathy Sanders was received into evidence. [Tr. 465-507]. When he ceased working in 2000, Mr. Mull indicated he was having anxiety and panic attacks. [Tr. 470]. He testified that in his twenties, he "had a lot of problems with anger, depression, frustration, [and] mood swings." [Tr. 471].

Medical expert Dr. Thomas Schacht testified next. [Tr. 484-500]. According to the doctor, Mr. Mull had a bipolar disorder that responded well to treatment. [Tr. 490]. Mr. Mull's intelligence was estimated by the doctor to be in at least the low average intelligence range. [Tr. 491].

The last witness was vocational expert Cathy Sanders. [Tr. 500-05]. She classified Mr. Mull's past relevant work as light and semiskilled, medium and unskilled, heavy and semiskilled, and very heavy and unskilled. [Tr. 501-02]. The vocational expert indicated Mr. Mull had transferrable skills, namely record keeping,

2

inventory, and knowledge about the grades of lumber. [Tr. 502]. The ALJ then asked Ms. Sanders to consider a person of Mr. Mull's age, education, and past relevant work who had no exertional limitations but did have non-exertional limitation of a fair ability to make occupational, performance, and personal/social adjustments. [ 84-85, 502]. According to Ms. Sanders, such a person could perform unskilled work. [Tr. 503]. The ALJ asked her next to consider the same circumstances except that this person had the non-exertional limitations of no ability to make occupational adjustments, a fair to poor ability to make performance adjustments, and no ability to make personal/social adjustments. [Tr. 111, 503]. Such a person, according to Ms. Sanders, would not be able to work at any exertional level. [*Id*.]. Finally, Ms. Sanders was asked to consider someone of Mr. Mull's age, education, and past relevant work experience and to assume that the testimony of Mr. Mull at the hearing was true and applied to this person. [Tr. 504]. Again, in that situation, there would not be jobs at any exertional level for that person. [*Id*.].

The ALJ ruled that Mr. Mull was not disabled because the record lacked objective medical evidence that he had a severe mental or severe physical impairment. [Tr. 29]. The ALJ found that Mr. Mull had acquired transferrable skills–record keeping, inventory, and grading types of lumber–which, along with his residual functional capacity [RFC] of performing work at all exertional limits allowed him to

3

perform his past relevant work.   [Tr. 32].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record.  42 U.S.C. § 405g.  "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility.  *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Mull requests a judgment on the pleadings and challenges the ALJ's acceptance of Ms. Ballard's opinion that he had the non-exertional limitation of a fair ability to make occupational, performance, and personal/social adjustments to the exclusion of the contrary opinions of his treating physicians.  Mr. Mull argues that as a senior licensed psychological examiner, Ms. Ballard was not an acceptable medical source pursuant to 20 C.F.R. § 404.1513 (a). While Ms. Ballard was not an acceptable medical source under that section, the ALJ is still allowed to use evidence from other medical sources when considering disability.  *See* 20 C.F.R. § 404.1513 (d).

4

Regardless, Ms. Ballard's assessments were not the entire foundation of the ALJ's decision, as claimed by Mr. Mull. He also considered the opinions of Kathleen Walker, Ph.D., RN, Dr. Thomas Schacht, and Dr. Diane Whitehead. [Tr. 24, 31].

As for the opinions of Mr. Mull's treating physicians, under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

According to the ALJ, the opinions of Mr. Mull's treating physicians–Dr. Louise Brazee and Dr. I. N. Kutty--were "not well-supported by the preponderance of the medically acceptable clinical and mental status observations, and none of the objective psychological testing." [Tr. 30]. The ALJ noted that Dr. Brazee did not report "any objective observations of mental impairment in her actual office notes." [Tr. 27]. The ALJ questioned, then, how the doctor was able to state in a July 2002 letter that she "observed demeanor consistent with both anxiety and depression" in Mr. Mull. [*Id.*]. The ALJ also noted that Dr. Brazee had been treating Mr. Mull since 1996 but never prescribed him medication until another doctor did so in 2000. [*Id.*]. And, the doctor never referred Mr. Mull to a psychiatrist until she had been seeing him

5

for almost five years and Mr. Mull requested such a referral. [*Id.*].

In October 2001, Dr. Kutty indicated Mr. Mull had bipolar disorder along with comorbid anxiety disorder. [Tr. 264]. Mr. Mull was "impaired to the extent that he is not in a position to engage in eight hours per day, five days per week, sustained gainful activity." [Tr. 264]. The doctor arrived at this decision after examining Mr. Mull twice. [*Id.*]. Dr. Kutty failed to indicate any objective medical evidence to support his opinion that Mr. Mull could not work. The ALJ's decision that the medical opinions of Drs. Brazee and Kutty were not well-supported was made with substantial evidence.

Mr. Mull also asserts that one of the hypothetical questions the ALJ asked of the vocational expert was defective. Mr. Mull contends that instead of referring vocational expert Cathy Sanders to a certain exhibit in which non-exertional limitations were outlined, the ALJ should have specified exactly what those limitations were. The issue is moot, however, because Ms. Sanders indicated that she was familiar with the exhibit the ALJ referenced. [Tr. 502-03].

After a careful consideration of the entire record of proceedings related to this case, Mr. Mull's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                            s/Thomas Gray Hull
                            THOMAS GRAY HULL
                              SENIOR U. S. DISTRICT JUDGE